# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| TERRY DEMETTE, | ) |
| *Plaintiff*, | ) CIVIL ACTION NO. 6:23-CV-01011 |
| v. | ) JUDGE DAVID C. JOSEPH |
| STERLING JEWELERS INC., | ) MAG. JUDGE CAROL B. WHITEHURST |
| *Defendant*. | ) |

## DEFENDANT STERLING JEWELERS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF TERRY DEMETTE'S PETITION FOR DAMAGES

Defendant Sterling Jewelers Inc. (hereinafter "Sterling," "Defendant," or "Company"), by and through its undersigned counsel, for its Answer to Plaintiff Terry Demette's ("Plaintiff) Petition for Damages ("Complaint"), makes the following admissions, denials, and other averments:

1. In response to Paragraph 1, Defendant avers that Plaintiff alleges she is the full age of majority, and presently domiciled in Lafayette Parish, State of Louisiana. Defendant is without knowledge or information sufficient to form a belief as to the truth therein.

2. Defendant admits the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that Plaintiff was hired on April 29, 2014 as an Assistant Manager/Team Leader, and later promoted General Manager on December 3, 2017, but denies the remainder of the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits that Mr. Vicknair was employed by Sterling as a District Manager, but denies the remainder of the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

1

5. Defendant denies the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. In Response to Paragraph 7, Defendant avers that it opened an investigation regarding Plaintiff's allegations on or about May 25, 2021 and that following a thorough investigation, it was unable to substantiate Plaintiff's allegations.

8. In response to Paragraph 8, Defendant denies that Plaintiff was accused of violating the above stated policies "[s]hortly thereafter." Answering further, Defendant states that Plaintiff violated several Company policies.

9. In response to Paragraph 9, Defendant admits that Plaintiff was terminated on or about December 14, 2021 for violating Company policies.

10. In response to Paragraph 10, Defendant admits that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue, but denies the remainder of the allegations set forth therein and all allegations in her Charge of Discrimination.

11. In response to Paragraph 11, the allegations regarding Defendant's alleged liability under the doctrine of Respondeat Superior calls for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant denies the same. Defendant denies the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that Plaintiff purports to seek the relief described above, but denies that Plaintiff is entitled to any relief in this action and denies that it engaged in any unlawful

actions. Defendant denies the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits that Plaintiff purports to seek the relief described above, but denies that Plaintiff is entitled to any relief in this action and denies that it or it agents engaged in any egregious conduct toward Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 15 of Plaintiff's Complaint.

## GENERAL DENIAL

Any allegations not specifically admitted, explained, or modified above are expressly denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses in response to Plaintiff's Complaint. By pleading these affirmative and other defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations. Defendant asserts the following affirmative and other defenses on information and belief:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable prescriptive, peremptive, or statutes of limitations periods, or applicable time periods within which to file administrative complaints.

3. Plaintiff's claims are barred, in whole or in part, because she failed to adequately exhaust her administrative remedies.

4. Plaintiff's Complaint fails to state any actual causes of action.

5. Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches, ratification, acquiescence, accord and satisfaction, and/or unclean hands.

6. Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

7. Plaintiff has not sustained any injuries, losses, or damages legally caused (either directly or proximately) by an action taken by Defendant or an agent of Defendant acting within their scope of employment.

8. Plaintiff's claim fails because she did not engage in protected activity.

9. Plaintiff's claims fail, in whole or in part, because Defendant acted reasonably and exercised due care in all of its actions relating to Plaintiff's employment.

10. Plaintiff's claims are barred, in whole or in part, because Defendant's actions were taken in good faith and without improper intent or motive, were based on its honest belief that such actions were reasonable, and did not violate Title VII, Section 1981, or any other applicable federal or state law.

11. Each employment decision concerning Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons unrelated to any protected class or alleged protected activity and Defendant would have made the same employment decisions regardless of any protected class or alleged protected activity.

12. Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff failed to provide notice to Defendant of alleged discrimination, retaliation, or any other unlawful conduct, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures, some or all of the harm allegedly suffered would have been prevented.

13. To the extent Plaintiff complained about any alleged discriminatory, retaliatory, or other unlawful conduct, Defendant took prompt remedial measures reasonably calculated to end any alleged discrimination, retaliation, or other unlawful conduct. Defendant adopted clearly articulated and documented policies and procedures prohibiting discrimination, harassment, retaliation as well as reporting and remediating all types of discrimination, harassment and retaliation

14. In the event that Defendant discovers any after-acquired evidence, Plaintiff's claims against Defendant, and/or the relief sought by Plaintiff against Defendant, may be barred by the doctrine of after-acquired evidence.

15. The Court lacks subject matter jurisdiction to hear any of Plaintiff's claims against Defendant that have not been fully exhausted administratively prior to bringing this action.

16. Plaintiff's claims are barred, in whole or in part, because Defendant's employment relationship with Plaintiff was terminable at will.

17. Plaintiff is not entitled to relief inasmuch as any damages allegedly suffered or experienced by Plaintiff were due, either in whole or in part, to Plaintiff's own contributory or comparative fault or negligence, or the actions or inactions of third parties not under Defendant's control.

18. Plaintiff's claims are barred to the extent Plaintiff failed to mitigate, minimize, or avoid the damages alleged in the Complaint.

19. Plaintiff's claim for punitive damages is barred because the alleged acts or omissions of Defendant: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff his protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and

(4) do not otherwise entitle Plaintiff to punitive damages. Plaintiff is not entitled to recover any punitive damages from Defendant related to this suit because there is no legal basis for such recovery.

20. Plaintiff is not entitled to recover any attorneys' fees or costs from Defendant related to this suit because there is no legal or contractual basis for such recovery.

21. Defendant reserves the right to amend or further plead any other affirmative defenses after a reasonable opportunity for discovery.

22. To the extent any affirmative defenses pled herein are contradictory, mutually exclusive or otherwise inconsistent; such contradictory, mutually exclusive or inconsistent affirmative defenses are pleaded in the alternative

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Sterling Jewelers Inc. requests that the Complaint against it be dismissed with prejudice at Plaintiff's cost, and that Defendant be awarded its costs and expenses incurred in defending this action, including reasonable attorney fees, as well as such other relief as the Court deems just and equitable.

Respectfully submitted,

GORDON, ARATA, MONTGOMERY, BARNETT
MCCOLLAM, DUPLANTIS & EAGAN, LLC


/s/ *Makala L. Graves*
Phillip J. Antis, Jr., Trial Attorney (#29067)
Makala L. Graves (#40608)
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Telephone: 504.582.1111
Fax: 504.582.1121
Email: pantis@gamb.com
Email: mgraves@gamb.com

John Philip Graf (#37701)

6

        400 East Kaliste Saloom Road, Suite 4200
Lafayette, Louisiana 70508
Telephone: 337.237.0132
Fax: 337.237.3451
Email: Jgraf@gamb.com

/and/

Adam J. Rocco (OH Bar No. 0083807)*
Samia A. Shaheen (OH Bar No. 0102501)*
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio
Phone/Fax: (614) 464-6323
ajrocco@vorys.com
sashaheen@vorys.com

*admission via pro hac vice*

*Counsel for Defendant Sterling Jewelers Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of August, 2023, a true and correct copy of the foregoing *Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint* has been served upon the following and all counsel of record via the Court's CM/ECF System.

Patrick D. Magee
Pat Magee Law Firm, L.L.C.
600 Jefferson Street Ste. 1203
P.O. Box 4526
Lafayette, Louisiana 70502
Telephone: (337) 476-2433
Facsimile: (337) 376-2000

*Counsel for Plaintiff Terry Demette*

                                      */s/ Makala L. Graves*

Makala L. Graves (40608)

201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Telephone: 504.582.1111
Fax: 504.582.1121
Email: pantis@gamb.com
Email: mgraves@gamb.com

*Counsel for Defendant Sterling Jewelers Inc.*